

Baker & McKenzie LLP

452 Fifth Avenue
New York, NY 10018
United States

Tel: +1 212 626 4100
Fax: +1 212 310 1600
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Los Angeles
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Valencia
Washington, DC

* Associated Firm
** In cooperation with
Trench, Rossi e Watanabe
Advogados

May 20, 2021

VIA CM/ECF

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

**Re: Village of Scarsdale v. Internal Revenue Service et al.**
     **No. 19 Civ. 6654 (PGG)**
     **Notice of Supplemental Authority**

Dear Judge Gardephe:

Plaintiff, Village of Scarsdale ("Scarsdale"), respectfully submits this letter regarding the Supreme Court's recent decision in *CIC Services, LLC v. Internal Revenue Service, et al.*, No. 19–930, 593 U.S.____ (2021), attached as Exhibit A. *CIC Services* applies the Anti-Injunction Act ("AIA"), which is also at issue in this case.

In *CIC Services*, the Supreme Court rejected the IRS's argument that the AIA (26 U.S.C. §7421(a)) barred a pre-enforcement challenge to IRS guidance. In doing so, the Supreme Court confirmed that the AIA applies only to suits filed "for the purpose of restraining the assessment or collection of any tax," which turns on the "action's objective aim—essentially, the relief the suit requests." *Id.*, slip op. at 7. The suit's "after-effect[s]" are "not its substance." *Id.*, slip op. at 10. Rather, a suit's "purpose" is most directly manifest in the plaintiff's complaint and relief sought, illuminated by other objective facts and circumstances. *See, e.g.*, *id.*, slip op. at 9-13.

Accordingly, *CIC Services* further supports Scarsdale's fully-briefed argument that the AIA is not implicated in this suit. *See* Scars. Br. 8, 14-21 (Dkt. 47). Scarsdale, like the plaintiff in *CIC Services*, does not seek to restrain the assessment or collection of any tax. Rather, Scarsdale's complaint seeks to set aside and enjoin enforcement of a regulation that discourages Scarsdale residents from contributing to its charitable fund. *See* Scars. Compl. "Prayer For Relief" (Dkt. 1).

Two factors also distinguish Scarsdale from the plaintiff in *CIC Services*. First, the plaintiff in *CIC Services* (CIC Services) was the taxpayer to which the "tax" (in the form of a reporting penalty) applied, while Scarsdale has no potential tax exposure. Because Scarsdale is not the taxpayer, this suit's purpose is necessarily not to restrain

1



the assessment or collection of a tax.  Indeed, Scarsdale seeks to address an entirely different harm: the decrease in donations to its charitable fund caused by the regulation at issue.

Second, taxpayers, such as CIC Services, have an alternative mechanism to challenge the validity of IRS guidance, while Scarsdale has none.  Unlike CIC Services, Scarsdale does not have the option of challenging the IRS guidance in a refund suit because it owes no tax pursuant to the regulation at issue.  Notwithstanding CIC Services' ability to pay the tax and bring a refund suit, however, a key factor in the Supreme Court's holding was the reality that CIC Services' only alternative mechanism to bring suit was to violate the reporting obligation and risk criminal exposure.  The Court concluded that these circumstances "practically necessitate a pre-enforcement, rather than a refund, suit—if there is to be a suit at all."  *Id.* slip. op. at 12.  In doing so, the Court affirmed its prior holdings that the AIA does not apply where a plaintiff has no practical means to challenge IRS action other than a pre-enforcement suit.

Moreover, *CIC Services* leaves untouched the exception to the AIA articulated in *South Carolina v. Regan*, 465 U.S. 367 (1984).  Accordingly, even assuming that the AIA could otherwise apply (it does not), it does not and cannot foreclose "actions brought by aggrieved parties" for whom Congress did not provide "an alternative remedy."  *Id.* at 378.  Because Scarsdale's only avenue to challenge the relevant regulation's validity is through this action, the AIA does not bar this suit.  *See* Scars. Br. 8, 18-21.

Sincerely,

Daniel A. Rosen
Partner
212 626 4272
daniel.rosen@bakermckenzie.com

Mireille R. Oldak
Partner
202 835 6176
mireille.oldak@bakermckenzie.com

cc:  Counsel of record (via CM/ECF)