

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 27, 2021

**BY ECF**
The Honorable Paul G. Gardephe
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Village of Scarsdale v. Internal Revenue Service et al.*, No. 19 Civ. 6654 (PGG)

Dear Judge Gardephe:

      This Office represents the Internal Revenue Service ("IRS"); the U.S. Department of the Treasury; Charles P. Rettig, Commissioner of the IRS; and Janet Yellen, Secretary of the Treasury,[1] the defendants (together, the "Government") in the above-referenced challenge to an IRS regulation.  We write respectfully in response to the letter filed by the Village of Scarsdale ("Scarsdale"), ECF No. 53 (the "Letter"), regarding the U.S. Supreme Court's recent decision in *CIC Services, LLC v. IRS*, __ S. Ct. __, 2021 WL 1951782 (May 17, 2021).  Scarsdale maintains that this decision weakens the Government's argument, in its *sub judice* motion to dismiss this case, that the Anti-Injunction Act, 26 U.S.C. § 7421(a) ("AIA"), bars this suit.  As the *CIC* decision does not affect the application of the AIA here, Scarsdale's argument should be rejected.

      At issue in *CIC* was a regulation that required participants and material advisors to provide the IRS with information regarding certain transactions; failure to provide this information could be punished, per a different statute, with a financial penalty that is deemed a tax, or by criminal penalties.  2021 WL 1951782, at *3.  The Supreme Court held that a tax advisor's challenge to this reporting requirement could proceed despite the AIA's preclusion of suits that seek to enjoin the assessment or collection of federal taxes, because the tax penalty at issue is a mere "backstop" for "the violation of another law that independently prohibits or commands an action."  *Id*. at *7.  That is, the advisor was challenging the reporting requirement itself, not the tax penalty it might be asked to pay if charged with violating the requirement.  The Court reiterated the continued applicability of the AIA to preclude suits challenging actual tax laws: "[h]ad Congress, or the IRS acting through a delegation, imposed a tax on [the reportable] transactions themselves—and had CIC then brought a pre-enforcement suit to prevent the IRS from applying that tax—the Anti-Injunction Act would have kicked in."  *Id*. at *8.  The Supreme Court confirmed that the AIA still applies whenever there is "a conflict over taxes," such as "on earning income, or selling stock, or entering into a business transaction."  *Id*. at *7.

---

      [1] Secretary Yellen is automatically substituted as a defendant in this action pursuant to Federal Rule of Civil Procedure 25(d).

Scarsdale's lawsuit is clearly a "conflict over taxes" rather than a challenge to a rule whose violation is merely punishable by payment of a tax penalty. The regulation that Scarsdale has challenged prescribes the availability of the federal charitable-donation deduction for certain donations by taxpayers. *See Contributions in Exchange for State or Local Tax Credits*, 84 Fed. Reg. 27,513 (June 13, 2019) (codified principally at 26 C.F.R. § 1.170A-1(h)(3)). Scarsdale has asked the Court to invalidate this regulation, and thus to permit certain taxpayers to deduct ineligible donations from their taxable income, decreasing their federal tax liability. The tax liability at issue is thus not merely incidental to the instant lawsuit, but at its heart. Scarsdale argues that this regulation does not implicate the AIA because its alleged effect is to "discourage[] Scarsdale residents from contributing to [the village's] charitable fund." Letter at 1. But this argument misses the main point: the reason why Scarsdale residents may be less likely to contribute to the fund is because they will not receive federal tax deductions for their donations. The dispute thus centers on the deductibility of the donations at issue, an indisputable "conflict over taxes." *CIC*, 2021 WL 1951782, at *7.

Scarsdale further claims that two factors distinguish it from the plaintiff in *CIC*, *see* Letter at 1-2, but does not explain why such a distinction is relevant, as neither of these factors were part of the Supreme Court's analysis in *CIC*. While the *CIC* plaintiff was indeed itself potentially subject to the penalty (tax) at issue if it had failed to comply with the reporting requirement—in contrast to Scarsdale's *residents* who might claim a federal charitable-contribution deduction for their donations—that is only a further reason to apply the AIA to bar this suit. As explained in the Government's motion to dismiss briefing, the Supreme Court has held that the AIA forecloses organizations that receive donations from challenging the IRS's decisions as to the donations' federal deductibility. Gov't Reply Br., ECF No. 48, at 11-13 (citing *Alexander v. Americans United Inc.*, 416 U.S. 752 (1974), and *Bob Jones Univ. v. Simon*, 416 U.S. 725 (1974)). Scarsdale's second point—that it, unlike the plaintiff in *CIC*, has no direct ability to challenge the tax rules at issue because it is not a taxpayer—cuts in the same direction. The absence of such a challenge mechanism is precisely because Congress does not want would-be donation recipients to challenge the rules on the deductibility of donations.[2]

We thank the Court for its consideration of this case.

                Respectfully,

                AUDREY STRAUSS
                United States Attorney

          By:   s/Jean-David Barnea
                JEAN-DAVID BARNEA
                REBECCA S. TINIO
                Assistant United States Attorneys
                Tel. (212) 637-2679/2774

---

[2] The Government agrees with Scarsdale, *see* Letter at 2, that the *CIC* decision does not affect the viability or scope of the Supreme Court's prior decision in *South Carolina v. Regan*, 465 U.S. 367 (1984), which created a narrow exception to the AIA. That exception is not applicable to Scarsdale's suit for the reasons explained in the Government's motion to dismiss.

cc: Counsel for Plaintiffs (by ECF)